| | |
|---|---|
| Kevin J. Simon, Esq.<br>1031 South Bluff Street, First Floor<br>P.O. Box 910645<br>St. George, Utah 84791<br>Telephone: (435) 634-8880<br>*Attorneys for Plaintiff* | Matthew I. Ferrie, Esq.<br>White and Williams LLP<br>1650 Market Street, Suite 1800<br>One Liberty Place<br>Philadelphia, PA 19103<br>Telephone: (215) 864-7031<br>*Pro Hac Vice Attorney for Plaintiff* |

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY** as subrogee of **ROBERT W. COTTAM and JOYCE M. COTTAM**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**SAMSUNG SDI CO., LTD**<br>Serve On:<br>150-20, Gongse-ro<br>Giheung-gu<br>Yongin-Si<br>South Korea<br><br>**TECHTRONIC INDUSTRIES NORTH AMERICA, INC.**<br>Serve On:<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, Delaware 19808<br><br>**TTI CONSUMER POWER TOOLS, INC**.<br>Serve On:<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, Delaware 19808<br><br>**TTI OUTDOOR POWER EQUIPMENT, INC.**<br>Serve On:<br>Jeffrey Reed Williams, Esquire<br>RILEY SAFER HOLMES & CANCILA LLP<br>456 Montgomery St, Ste 16th Floor<br>San Francisco, CA 94104 | **AMENDED COMPLAINT**<br><br>Civil No. 4:23-cv-00058 DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler<br><br>**JURY DEMANDED** |

32598186v.1

-2-

| | |
|---|---|
| **HOME DEPOT U.S.A., INC.** | : |
| Serve On: | : |
| Corporation Service Company | : |
| 15 WEST SOUTH TEMPLE, SUITE 600 | : |
| Salt Lake City, UT 84101 | : |
| | : |
| **THE HOME DEPOT, INC.** | : |
| Serve On: | : |
| Corporation Service Company | : |
| 15 WEST SOUTH TEMPLE, SUITE 600 | : |
| Salt Lake City, UT 84101 | : |
| | : |
| **Defendants.** | : |
| | : |

Plaintiff, Auto-Owners Insurance Company as subrogee of Robert W. Cottam and Joyce M. Cottam ("Auto-Owners" or "Plaintiff"), by and through its counsel, files this Complaint against Defendants Samsung SDI Co., Ltd., Techtronic Industries North America, Inc., TTI Consumer Power Tools, Inc., TTI Outdoor Power Equipment, Inc., Home Depot U.S.A., Inc., and The Home Depot, Inc., and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Auto-Owners is a Michigan company with a principal place of business located at 6101 Anacapri Boulevard, Lansing, MI 48917, and at all times relevant hereto, was authorized to issue policies of insurance in the State of Utah.

2. Upon information and belief, Samsung SDI Co., Ltd. ("Samsung SDI Co.), is a Korean corporation organized and existing under the laws of Korea, which can be served at the address listed in the caption.

3. Upon information and belief, Techtronic Industries North America, Inc., is a Delaware corporation which can be served at the address listed in the caption.

32598186v.1

-3-

4. Upon information and belief, TTI Consumer Power Tools, Inc., is a Delaware corporation which can be served at the address listed in the caption.

5. Upon information and belief, TTI Outdoor Power Equipment, Inc., is a Delaware corporation which can be served through its attorney listed in the caption.

6. Techtronic Industries North America, Inc., TTI Consumer Power Tools, Inc., and TTI Outdoor Power Equipment, Inc., shall be collectively referred to herein as the "Ryobi Entities."

7. Upon information and belief, Home Depot U.S.A., Inc., is a Delaware corporation which can be served at the address listed in the caption.

8. Upon information and belief, The Home Depot, Inc., is a Delaware corporation which can be served at the address listed in the caption.

9. Home Depot U.S.A., Inc., and The Home Depot, Inc., shall be collectively referred to herein as the "Home Depot Entities."

10. Upon information and belief, at all times relevant hereto, Samsung SDI Co,, was engaged in the business of, *inter alia*, designing, manufacturing, producing, distributing, marketing, selling, assembling, supplying, packaging for shipping, shipping, and/or otherwise placing into the stream of commerce lithium-ion battery cells for use in consumer products.

11. Upon information and belief, at all times relevant hereto, the Ryobi Entities were engaged in the business of, *inter alia*, designing, manufacturing, producing, distributing, marketing, selling, assembling, supplying, packaging for shipping, shipping, and/or otherwise placing into the stream of commerce consumer products with battery packs which contain lithium-ion battery cells.

32598186v.1

12. Upon information and belief, at all times relevant hereto, the Home Depot Entities were engaged in the business of designing, manufacturing, producing, distributing, marketing, selling, assembling, supplying, packaging for shipping, shipping, and/or otherwise placing into the stream of commerce consumer products with battery packs which contain lithium-ion battery cells.

13. Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1332(a).

## FACTUAL ALLEGATIONS

14. Plaintiffs incorporate the preceding allegations as if fully set forth herein.

15. At all times material herein, Robert W. Cottam and Joyce M. Cottam owned and/or possessed an insurable interest in a residential home and personal property therein, located at 729 Picturesque Drive, St. George, Utah 84770 (the "Subject Premises").

16. At all times relevant hereto, Plaintiff provided a policy of insurance coverage to Robert W. Cottam and Joyce M. Cottam (the "Cottams" or the "Insureds") covering, *inter alia*, their real and personal property at the Subject Premises.

17. On or about May 15, 2021, a fire occurred at the Subject Premises.

18. Subsequent investigation indicated that the cause of the fire was the failure of a lithium-ion battery cell ("Subject Battery Cell") which was designed, manufactured, produced, distributed, marketed, sold, assembled, supplied, packaged for shipping, shipped, and/or otherwise placed into the stream of commerce by Samsung SDI Co.

19. Subsequent investigation indicated that the Subject Battery Cell failed because it contained a defect(s) and/or or defective condition(s) which made it unreasonably dangerous to users and/or consumers.

-5-

20. Upon information and belief, at the time the fire occurred, the Subject Battery Cell was located within a battery pack which came as component part with the purchase of a Ryobi-brand Trimmer ("Subject Trimmer"), and the Subject Trimmer was designed, manufactured, produced, distributed, marketed, sold, assembled, supplied, packaged for shipping, shipped, and/or otherwise placed into the stream of commerce by one or more of the Ryobi Entities.

21. Upon information and belief, the Insureds purchased the Subject Trimmer and its accompanying battery pack at a Home Depot store location, prior to May 15, 2021.

22. As a result of the above-referenced fire, the Insureds sustained substantial and/or permanent damage to their real and personal property, loss of market value, loss of use, and incidental and consequential damages.

23. Due to the above-referenced damage, the Insureds presented an insurance claim to Plaintiff.

24. Pursuant to the above-referenced claim and the terms of the above-referenced insurance policy, Plaintiff has made payments to indemnify its Insureds, and additional payments may be made.

25. Pursuant to the terms of the insurance policy and/or by operation of law, Plaintiff is subrogated to the rights of its Insureds to the extent of its payments, and now seeks recovery from the Defendants.

26. The Insureds incurred a $500.00 deductible.

**FIRST CAUSE OF ACTION**
**(Product Liability - Samsung SDI Co.)**

27. Plaintiff incorporates the preceding allegations as if fully set forth herein.

28. Samsung SDI Co. designed, manufactured, produced, distributed, marketed, sold, assembled, supplied, packaged for shipping, shipped, and/or otherwise placed into the stream of commerce the Subject Battery Cell for the purposes of the Subject Battery Cell being used by the consuming public.

29. At the time the Subject Battery Cell was sold by Samsung SDI Co., the Subject Battery Cell contained a defect(s) and/or or defective condition(s) which made it unreasonably dangerous to users and/or consumers. pursuant to Utah Code §78B-6-702 and §78B-6-703.

30. The Subject Battery Cell reached the user and/or consumer without substantial change in its condition.

31. At all times relevant hereto, the Subject Battery Cell was used in a manner reasonably anticipated by Samsung SDI Co.

32. The danger posed by the defect(s) and/or defective condition(s) of the Subject Battery Cell was not readily recognizable by the ordinary user or consumer, including Plaintiff's Insureds.

33. As a direct and proximate result of the defect(s) and/or defective condition(s) of the Subject Battery Cell, Plaintiff's Insureds suffered sustained substantial and/or permanent damage to their real and personal property, loss of market value, loss of use, and incidental and consequential damages, and Plaintiff made payments to indemnify its Insureds.

34. Samsung SDI Co. is liable to Plaintiff pursuant to Utah Code §78B-6-701.

**SECOND CAUSE OF ACTION**
**(Negligence – Samsung SDI Co.)**

35. Plaintiffs incorporate the preceding allegations as if fully set forth herein.

36. Samsung SDI Co., owed a duty of care to Plaintiff's Insureds to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or

otherwise place the Subject Battery Cell into the stream of commerce in a condition that was not defective and/or unreasonably dangerous.

  37. Samsung SDI Co., acting by and through its agents, servants, sub-contractors, and/or employees, each of whom was working in the course of his/her employment and within the scope of his/her authority for the benefit of the Samsung SDI Co., breached its duty of care in one or more of the following negligent and/or acts and/or omissions:

    (a) designing, manufacturing, producing, distributing, marketing, selling, assembling, supplying, packaging for shipping, shipping, and/or otherwise placing into the stream of commerce a defective and/or unreasonably dangerous product, which Samsung SDI Co. knew or should have reasonably known would subject a user such as Plaintiff's Insureds to an unreasonable risk of harm;

    (b) failing to properly and adequately warn of the risk, hazards and limitations of the Subject Battery Cell;

    (c) failing to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or place into the stream of commerce a product that was safe for its reasonably foreseeable use;

    (d) failing to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or place into the stream of commerce a product that would not create an unreasonable risk of causing a fire;

    (e) failing to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or place into the stream of commerce a battery cell which came with sufficient safety features in order to diminish and/or prevent the risk and hazard of fire; and

    (f) failing to comply with all industry standards regarding the design, manufacture, production, distribution, marketing, sale, assembly, supply, packaging for shipping, shipment, and/or placement into the stream of commerce of a product such as the Subject Battery Cell.

-8-

38. As a direct and proximate result of the defect(s) and/or defective condition(s) of the Subject Battery Cell, Plaintiff's Insureds suffered sustained substantial and/or permanent damage to their real and personal property, loss of market value, loss of use, and incidental and consequential damages, and Plaintiff made payments to indemnify its Insureds.

39. Samsung SDI Co. is liable to Plaintiff for their negligence.

### THIRD CAUSE OF ACTION
### (Product Liability— The Ryobi Entities)

40. Plaintiff incorporates the preceding allegations as if fully set forth herein.

41. One or more of the Ryobi Entities designed, manufactured, produced, distributed, marketed, sold, assembled, supplied, packaged for shipping, shipped, and/or otherwise placed into the stream of commerce the Subject Battery Cell for the purposes of the Subject Battery Cell being used by the consuming public.

42. At the time the Subject Battery Cell was sold by one or more of the Ryobi Entities, the Subject Battery Cell contained a defect(s) and/or or defective condition(s) which made it unreasonably dangerous to users and/or consumers. pursuant to Utah Code §78B-6-702 and §78B-6-703.

43. The Subject Battery Cell reached the user and/or consumer without substantial change in its condition.

44. At all times relevant hereto, the Subject Battery Cell was used in a manner reasonably anticipated by the Ryobi Entities.

45. The danger posed by the defect(s) and/or defective condition(s) of the Subject Battery Cell was not readily recognizable by the ordinary user or consumer, including Plaintiff's Insureds.

32598186v.1

46. As a direct and proximate result of the defect(s) and/or defective condition(s) of the Subject Battery Cell, Plaintiff's Insureds suffered sustained substantial and/or permanent damage to their real and personal property, loss of market value, loss of use, and incidental and consequential damages, and Plaintiff made payments to indemnify its Insureds.

47. The Ryobi Entities are liable to Plaintiff pursuant to Utah Code §78B-6-701.

**FOURTH CAUSE OF ACTION**
**(Negligence – The Ryobi Entities)**

48. Plaintiffs incorporate the preceding allegations as if fully set forth herein.

49. The Ryobi Entities owed a duty of care to Plaintiff's Insureds to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or otherwise place the Subject Battery Cell into the stream of commerce in a condition that was not defective and/or unreasonably dangerous.

50. The Ryobi Entities, acting by and through their respective agents, servants, sub-contractors, and/or employees, each of whom was working in the course of his/her employment and within the scope of his/her authority for the benefit of the respective Ryobi Entities, breached their duty of care in one or more of the following negligent and/or acts and/or omissions:

    (a)    designing, manufacturing, producing, distributing, marketing, selling, assembling, supplying, packaging for shipping, shipping, and/or otherwise placing into the stream of commerce a defective and/or unreasonably dangerous product, which the Ryobi Entities knew or should have reasonably known would subject a user such as Plaintiff's Insureds to an unreasonable risk of harm;

    (b)    failing to properly and adequately warn of the risk, hazards and limitations of the Subject Battery Cell;

    (c)    failing to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or place into the stream of commerce a product that was safe for its reasonably foreseeable use;

    (d)    failing to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or place into the stream of commerce a product that would not create an unreasonable risk of causing a fire;

    (e)    failing to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or place into the stream of commerce a battery cell which came with sufficient safety features in order to diminish and/or prevent the risk and hazard of fire; and

    (f)    failing to comply with all industry standards regarding the design, manufacture, production, distribution, marketing, sale, assembly, supply, packaging for shipping, shipment, and/or placement into the stream of commerce of a product such as the Subject Battery Cell.

51.    As a direct and proximate result of the defect(s) and/or defective condition(s) of the Subject Battery Cell, Plaintiff's Insureds suffered sustained substantial and/or permanent damage to their real and personal property, loss of market value, loss of use, and incidental and consequential damages, and Plaintiff made payments to indemnify its Insureds.

52.    The Ryobi Entities are liable to Plaintiff for their negligence.

### FIFTH CAUSE OF ACTION
**(Product Liability— The Home Depot Entities)**

53.    Plaintiff incorporates the preceding allegations as if fully set forth herein.

54.    One or more of the Home Depot Entities designed, manufactured, produced, distributed, marketed, sold, assembled, supplied, packaged for shipping, shipped, and/or otherwise placed into the stream of commerce the Subject Battery Cell for the purposes of the Subject Battery Cell being used by the consuming public.

55.    At the time the Subject Battery Cell was sold by one or more of the Home Depot Entities, the Subject Battery Cell contained a defect(s) and/or or defective condition(s) which

made it unreasonably dangerous to users and/or consumers. pursuant to Utah Code §78B-6-702 and §78B-6-703.

56. The Subject Battery Cell reached the user and/or consumer without substantial change in its condition.

57. At all times relevant hereto, the Subject Battery Cell was used in a manner reasonably anticipated by the Home Depot Entities.

58. The danger posed by the defect(s) and/or defective condition(s) of the Subject Battery Cell was not readily recognizable by the ordinary user or consumer, including Plaintiff's Insureds.

59. As a direct and proximate result of the defect(s) and/or defective condition(s) of the Subject Battery Cell, Plaintiff's Insureds suffered sustained substantial and/or permanent damage to their real and personal property, loss of market value, loss of use, and incidental and consequential damages, and Plaintiff made payments to indemnify its Insureds.

60. The Home Depot Entities are liable to Plaintiff pursuant to Utah Code §78B-6-701.

## SIXTH CAUSE OF ACTION
**(Negligence – The Home Depot Entities)**

61. Plaintiffs incorporate the preceding allegations as if fully set forth herein.

62. The Home Depot Entities owed a duty of care to Plaintiff's Insureds to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or otherwise place the Subject Battery Cell into the stream of commerce in a condition that was not defective and/or unreasonably dangerous.

63. The Home Depot Entities, acting by and through their respective agents, servants, sub-contractors, and/or employees, each of whom was working in the course of his/her employment and within the scope of his/her authority for the benefit of the respective Home Depot

Entities, breached their duty of care in one or more of the following negligent and/or acts and/or omissions:

  (a)  designing, manufacturing, producing, distributing, marketing, selling, assembling, supplying, packaging for shipping, shipping, and/or otherwise placing into the stream of commerce a defective and/or unreasonably dangerous product, which the Home Depot Entities knew or should have reasonably known would subject a user such as Plaintiff's Insureds to an unreasonable risk of harm;

  (b)  failing to properly and adequately warn of the risk, hazards and limitations of the Subject Battery Cell;

  (c)  failing to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or place into the stream of commerce a product that was safe for its reasonably foreseeable use;

  (d)  failing to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or place into the stream of commerce a product that would not create an unreasonable risk of causing a fire;

  (e)  failing to design, manufacture, produce, distribute, market, sell, assemble, supply, package for shipping, ship, and/or place into the stream of commerce a battery cell which came with sufficient safety features in order to diminish and/or prevent the risk and hazard of fire; and

  (f)  failing to comply with all industry standards regarding the design, manufacture, production, distribution, marketing, sale, assembly, supply, packaging for shipping, shipment, and/or placement into the stream of commerce of a product such as the Subject Battery Cell.

  64.  As a direct and proximate result of the defect(s) and/or defective condition(s) of the Subject Battery Cell, Plaintiff's Insureds suffered sustained substantial and/or permanent damage to their real and personal property, loss of market value, loss of use, and incidental and consequential damages, and Plaintiff made payments to indemnify its Insureds.

  65.  The Home Depot Entities are liable to Plaintiff for their negligence.

-13-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendants for such damages as reasonable in the premises.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED this 15th day of March 2024.

Respectfully submitted:

*/s/ Kevin J. Simon*
Kevin J. Simon, Esq. (8100)
1031 South Bluff Street, First Floor
P.O. Box 910645
St. George, Utah 84791
Telephone: (435) 634-8880
*Attorneys for Plaintiff*

*/s/ Matthew I. Ferrie*
Matthew I. Ferrie, Esq.
White and Williams LLP
1650 Market Street, Suite 1800
One Liberty Place
Philadelphia, PA 19103
Telephone: (215) 864-7031
*Pro Hac Vice Attorney for Plaintiff*

32598186v.1